IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MADISON COFFMAN**, | ) CIVIL ACTION NO. **25-462** |
| Plaintiff, | ) |
| v. | ) |
| **GREATER LATROBE SCHOOL DISTRICT**, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. On January 29, 2026, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 26), which recommended that the motion to dismiss the amended complaint (ECF No. 14) filed by defendant Greater Latrobe School District (the "District") be granted, albeit without prejudice to the ability of plaintiff Madison Coffman ("Coffman") to file an amended complaint, except for the state law negligence claim, which would be dismissed with prejudice.

On February 17, 2026, Coffman filed objections (ECF No. 29) to one aspect of the R&R, namely, the recommended dismissal without prejudice of the Title IX claim, as discussed at pages 14-16 of the R&R. The R&R is ripe for review and will be resolved without a further response from the District.

1

Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pa. Dept. of Corr.*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

Factual and Procedural Background

The magistrate judge authorized Coffman to file an amended complaint after the parties met and conferred about the District's intent to move to dismiss the original complaint (ECF Nos. 4,9). The operative amended complaint (ECF No. 10) asserts 6 claims, 4 federal claims, i.e., (1) §

1983 unconstitutional policies and customs[1]; (2) unconstitutional violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); (3) Fourteenth Amendment violation – due process/state-created danger; and (4) Fourteenth Amendment violation -- liberty interest; and 2 state law claims, i.e., (5) violation of the Pennsylvania Human Relations Act; and (6) negligence. The District filed a motion to dismiss the amended complaint in its entirety, with prejudice, and a brief in support (ECF Nos. 14, 15). In the R&R, the magistrate judge determined that the motion to dismiss should be granted on all claims – the dismissal of the negligence claim with prejudice, and the dismissal of the other claims without prejudice. Coffman filed an objection only with respect to the recommended dismissal (without prejudice) of the Title IX claim.

The R&R thoroughly recited the facts in the amended complaint. In summary, Coffman suffered abuse from a male student (D.G.) while in middle school. During the 2017-2018 school year, when the students were in seventh grade, D.G. drew on Coffman's soccer uniform and cut her hair. Amended Complaint ¶¶ 15-16. D.G. was suspended and D.G. was removed from Coffman's class. ¶¶ 20, 22. The District promised that Coffman and D.G. would never be in the same class together. ¶ 28. In the second semester of the next school year, Coffman and D.G. were nevertheless scheduled in the same eighth grade Spanish class. ¶ 32. On February 12, 2019, after Coffman was excused from the Spanish class to go to the bathroom, D.G. followed Coffman into the bathroom and punched her in the head, causing her to incur a second concussion.[2] ¶¶ 39, 40, 49. D.G. was suspended for 10 days (3 days out of school; 7 days in school). ¶¶ 50, 64. Although

---

[1] This purported claim is technically not a claim itself, but provides a mechanism to hold a municipality liable for an underlying federal constitutional violation. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005).

[2] Coffman sustained her first concussion in July 2018 during an activity unrelated to school. Amended Complaint ¶ 29.

3

Coffman's mother requested the District to press criminal charges against D.G., it did not do so and did not complete a Title IX investigation. ¶¶ 60, 61.

Discussion

The present objection relates to the Title IX claim. The Supreme Court recognized in *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), that Title IX permits claims of a hostile educational environment based upon student-on-student harassment. To succeed under this theory, a plaintiff must show that:

> (1) the defendant received federal funds; (2) sexual harassment occurred; (3) the harassment took place under circumstances wherein the funding recipient exercised substantial control over both the harasser and the context in which the harassment occurred; (4) the funding recipient had actual knowledge of the harassment; (5) the funding recipient was deliberately indifferent to the harassment; and (6) the harassment was so severe, pervasive, and objectively offensive that it could be said to have deprived the victims of access to the educational opportunities or benefits provided by the school.

*Humphries v. Pa. State Univ.*, 492 F. Supp. 3d 393, 401–02 (M.D. Pa. 2020) (granting motion to dismiss Title IX claim). In *MDB v. Punxsutawney Christian School*, 386 F. Supp. 3d 565, 577 (W.D. Pa. 2019), the court identified the elements with slight differences that do not affect the outcome of this case:

> a plaintiff must prove five elements to recover under Title IX based on peer harassment: (1) that the defendant is a Title IX funding recipient; (2) that an "appropriate person," i.e. "an official with authority to take corrective action" had actual knowledge of the alleged harassment, *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998); (3) that the harassment was "severe, pervasive, and objectively offensive," *Davis*, 526 U.S. at 650, 119 S.Ct. 1661; (4) that the funding recipient acted with deliberate indifference, i.e., that its response or lack of response was "clearly unreasonable," *Id.* at 648, 119 S.Ct. 1661; and (5) that the harassment "effectively bar[red] the victim's access to an educational opportunity or benefit," *Id.* at 633, 119 S.Ct. 1661.

4

*Id.* at 577.

The District concedes it received federal funds, but challenges all other elements of the claim. The magistrate judge reasoned that the Title IX claim failed because Coffman failed to plead sufficient facts to state a plausible claim that the District was deliberately indifferent to the harassment. The R&R did not address the remaining elements of the Title IX claim.

This court, in its de novo review, agrees with the magistrate judge that the amended complaint fails to state a cognizable Title IX claim. It does so, however, on a different basis; namely, that Cottman failed to plead sufficient facts to support a plausible claim that the alleged harassment was severe and pervasive.

A. <u>Pervasive harassment</u>

To plead a cognizable Title IX claim for student-on-student sexual harassment, the harassment must be "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Davis*, 526 U.S. at 633. In *Davis*, the Supreme Court provided guidance about the application of this standard to conduct between students in the school setting:

> Courts, moreover, must bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults. *See, e.g.*, Brief for National School Boards Association et al. as Amici Curiae 11 (describing "dizzying array of immature ... behaviors by students"). Indeed, at least early on, students are still learning how to interact appropriately with their peers. It is thus understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it. Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender.

*Davis*, 526 U.S. at 651–52.

In *Sheehan v. Everstory Partners*, No. CV 24-6581, 2025 WL 3727863 (E.D. Pa. Dec. 23,

5

2025), the court recently summarized the standard to find severe and pervasive harassment in the analogous employment context:

> The Supreme Court has explained that the "'severe or pervasive'" standard "is an objective standard, based on 'an environment that a reasonable person would find hostile or abusive.'" *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 846 (3d Cir. 2016) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). "To determine if the alleged harassment is so hostile or abusive to rise to the level of an unlawful hostile environment, the Supreme Court directs courts to 'look[ ] at all the circumstances,' including the frequency of the alleged conduct." *Id*. (alteration in original) (quoting *Harris*, 510 U.S. at 23, 114 S.Ct. 367) (citation omitted). " 'The question of whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Flores v. Charlton*, Civ. A. No. 17-4848, 2019 WL 3801951, at *3 (E.D. Pa. Aug. 13, 2019) (quoting *Moody*, 870 F.3d at 215). "'Isolated incidents and offhanded comments ... are not sufficient to sustain a hostile work environment claim,' 'even if they engender offensive feelings in an employee.'"

*Id.* at *4.

In the amended complaint, Coffman alleges that she "felt constant discomfort and fear in D.G.'s presence," and that she "felt targeted by D.G., and she believed D.G. was harassing her." ¶¶ 34, 35. The averment in ¶ 75 that "the pervasive bullying and harassment she experienced caused an increase in her anxiety symptoms" is a legal conclusion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (on motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Prior to the assault in the bathroom in February 2019, the amended complaint pleads facts about only one harassing incident between the students – at an unspecified time during the 2017-2018 school year, D.G. drew on Coffman's soccer uniform and cut her hair without her permission. Amended Complaint ¶¶ 15, 16. There were no averments in the amended complaint about any

continuing harassment after the assault in February 2019.

As explained in *Lansberry v. Altoona Area School District*, 318 F. Supp.3d 739 (W.D. Pa. 2018):

> Courts in the Third Circuit have held that sporadic and isolated incidents of sexual harassment fail to give rise to a Title IX claim. *See C.M. v. Pemberton Twp. High Sch.*, No. CV 16-9456 (RMB/JS), 2017 WL 384274, at *6 (D.N.J. Jan. 27, 2017) (dismissing Title IX claim because the complaint only alleged "two seemingly isolated instances of alleged [sexual] harassment or discrimination, not pervasive conduct" and failed to explain how the victim "ha[d] been denied equal access to educational opportunities or benefits as a result of these two incidents."); *Moeck*, 179 F.Supp.3d at 448 (dismissing Title IX claim and holding that being subjected to "ten sexually-tinged comments over the course of two or three years" fails to give rise to a Title IX claim).

*Id.* at 752–53.

The court acknowledges that the amended complaint avers that Coffman "felt" continued fear and harassment by D.G. Amended Complaint ¶¶ 34, 35. However, "a plaintiff's subjective beliefs or feelings that she was subjected to a hostile work environment is not sufficient to create a genuine dispute of fact regarding pervasive and regular intentional discrimination." *DiBlasi v. Guthrie/Robert Packer Hosp.*, No. 4:23-CV-1136, 2025 WL 2796781, at *13 (M.D. Pa. Sept. 29, 2025) (citing *Garnett v. Bank of Am.*, 243 F. Supp. 3d 499, 509 (D. Del. 2017), and *Burns v. McDonough*, No. 2:23-CV-01810, 2024 WL 4205577, at *9 (E.D. Pa. Sept. 16, 2024)).

In this case, the amended complaint pleads only two separate incidents of harassing conduct taken at least several months apart by D.G. towards Coffman, i.e., the drawing on her uniform and hair cutting during the 2017-2018 school year and the bathroom assault in February 2019. Those two incidents are not sufficiently temporally linked to support the plausibility of pervasive harassment which would be necessary to support a Title IX claim. The court does not diminish the seriousness of the second incident involving an assault, but without additional factual

7

support to show it is plausible that the harassment was pervasive, the court is not able to conclude the amended complaint sufficiently pled a Title IX claim based on peer harassment.

B. Deliberate Indifference

In light of the foregoing analysis, the court does not reach the discussion in the R&R with respect to the deliberate indifference element of a Title IX claim. The court notes, however, the difficult standard established in *Davis* with respect to showing deliberate indifference: "[T]he [funding] recipient must merely respond to known peer harassment in a manner that is not clearly unreasonable." *Davis*, 526 U.S. at 649.

C. Remaining Claims

The court, as a matter of good practice, also satisfied itself that there is no clear error on the face of the record with respect to the recommendations in the R&R about the dismissal of the other counts of the amended complaint, to which Coffman did not object. Accordingly, the court will adopt the R&R as the opinion of the court, as supplemented herein, and will adopt the recommendation that the amended complaint be dismissed in its entirety without prejudice, except for the negligence claim, which will be dismissed with prejudice.

D. Leave to amend

The District seeks dismissal with prejudice. The Federal Rules of Civil Procedure direct the court to "freely give leave" to parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15. A court must permit a curative amendment unless it would be inequitable or

futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

This is a close decision. Several factors weigh against leave to amend. Coffman is represented by counsel. Coffman already had a "second bite at the apple" by filing an amended complaint after a meet and confer session with defense counsel. Despite the second chance, Coffman failed to overcome the shortcomings in her claims in the amended complaint. On the other hand, the R&R recommended that the dismissal of all but the negligence count be without prejudice. Neither party objected to that recommendation. The court will accept that recommendation.

The District raised arguments with respect to numerous elements of the Title IX claim and Coffman should carefully consider whether any amended complaint contains sufficient factual allegations to show a plausible Title IX claim. Coffman should also carefully consider whether any amended complaint contains sufficient factual allegations to show the plausibility of the other claims she seeks to assert in a third bite at the apple.[3] If Coffman does not seek leave to amend on or before March --, 2026, the dismissal of the federal claims will be with prejudice and the remaining state law claim will be dismissed without prejudice.

---

3 If additional facts exist, it would have been more conducive to the just, speedy and inexpensive determination of this action, *see* Federal Rule of Civil Procedure 1, for plaintiff to seek leave to file an amended complaint at once, rather than filing objections to the R&R.

Conclusion

For the reasons set forth above, the motion to dismiss the amended complaint (ECF No. 14) filed by the District will be granted, without prejudice to Coffman's ability to seek leave to amend the complaint (as explained above). The court will adopt the R&R (ECF No. 26) as the opinion of the court, as supplemented herein.

An appropriate order follows.

Dated: March 4, 2026

BY THE COURT

*/s/ Joy Flowers Conti*
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE
